NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

HOWARD JOHNSON INTERNATIONAL,
a Delaware Corporation,

                  Plaintiff,

    v.

KIRIT PATEL, an individual,
VIDDHYABEN PATEL, an individual,

                  Defendants.

**OPINION and ORDER**

Civ. No. 11-918 (WHW)

**Walls, Senior District Judge**

    Howard Johnson International moves for default judgment against defendants Kirit Patel and Viddhyaben Patel. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. Howard Johnson's motion for default judgement is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

    Howard Johnson is a hotel company that entered into a license agreement dated October 25, 2006, with defendants. This agreement, which was to last 15 years, authorized the Patels to operate a Howard Johnson lodging facility. (Compl. ¶¶ 7-8; Ex. A to Compl.) Under its terms, the defendants were to make periodic payments to Howard Johnson for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, the "recurring fees"). The defendants were also required to prepare and submit monthly revenue reports and maintain accurate financial information. (Compl. ¶¶ 11-12; Ex. A

**NOT FOR PUBLICATION**

to Compl.) An addendum for satellite connectivity services was also executed between the parties on October 25, 2006. (Compl. ¶ 16; Ex. B to Compl.)

Howard Johnson could terminate the agreement if defendants discontinued operating the facility as a Howard Johnson establishment or lost possession of the facility. (Compl. ¶ 13; Ex. A to Compl.) If this happened, defendants agreed to pay liquidated damages according to a formula laid out in the license agreement. Defendants were also required to pay $2,500 in liquidated damages if the satellite addendum to the license agreement was terminated. (Compl. ¶ 14.) Under the terms of the license agreement, the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts under this [License] Agreement." (Compl. ¶ 15.)

On June 1, 2009, the Patels terminated the license agreement when they ceased operating the property as a Howard Johnson facility. (Compl. ¶ 18.) Howard Johnson wrote to the Patels on June 19, 2009. (Compl. ¶ 19; Ex. C to Compl.) Howard Johnson acknowledged defendants' request to terminate the lease and explained the debts owed to Howard Johnson under the terms of the license agreement after the agreements' termination. (Compl. ¶ 19, Ex. C to Compl.) The Patels have not satisfied these outstanding debts.

On February 18, 2011, Howard Johnson filed a complaint alleging that the defendants had not fulfilled their duties and obligations under the franchise agreement. The defendants were served with process on March 14, 2011. (ECF No. 3.) The defendants did not appear in this action or answer the complaint. On April 6, 2011, Howard Johnson moved for default judgment against defendants. On April 8, 2011, the Clerk of Court entered default against the Patels.

Howard Johnson then moved for the entry of a default judgment in the amount of $156,808.55. This amount is comprised of: (1) $47,953.75 for recurring fees owed under the

**NOT FOR PUBLICATION**

agreement, (2) $103,215.89 for liquidated damages, and (3) $5,638.91 for attorneys' fees and costs. Although served, the defendants have not filed any opposition to this motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because a default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).

Several factors are to be considered by courts in determining "whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

"[T]he factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). Although, the Court makes "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

A court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages. While the court may conduct a

hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

*Jurisdiction*

Before entering a default judgment as to a party "that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C., No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008). A default judgment entered without personal jurisdiction over the defendant is void. D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 436 (E.D. Pa. 2006).

*Subject Matter Jurisdiction*

Howard Johnson is a Delaware corporation with a principal place of business in New Jersey, and both defendants are citizens of Texas. (Compl. ¶¶ 1-3.) Howard Johnson's complaint alleges breach of contract. In total, its claims have an amount in controversy greater than $75,000. Because "a single plaintiff may aggregate two or more claims against a single defendant" to satisfy the amount in controversy requirement, this Court possesses diversity jurisdiction over Howard Johnson's claims. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 585 (2005).

4

**NOT FOR PUBLICATION**

*Personal Jurisdiction*

Howard Johnson has "the burden of proving personal jurisdiction, [but it] can satisfy that burden with a *prima facie* showing." D'Onofrio, 430 F. Supp. 2d at 438. Here, personal jurisdiction was obtained by service of summonses and contractual consent. Summonses were returned executed on March 14, 2011, (ECF No. 3), and by the terms of the license agreement, defendants have consented to personal jurisdiction in "the United States District Court for the District of New Jersey." (Compl. ¶ 5.) This court possesses personal jurisdiction over the defendants.

*Liability*

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish a right to the requested relief." Nautilus Ins. Co. v. Triple C Const., Inc., No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011).

*Contract*

Howard Johnson seeks a judgment of $156,808.55. Of this amount, $47,953.75 is for recurring fees due under the agreement, and $103,215.89 for liquidated damages. Howard Johnson alleges that it is owed these amounts due to a breach of contract. To properly make out a breach of contract claim, Howard Johnson must allege: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach. AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1990).

Howard Johnson has satisfied each of these elements. It alleges that it "entered into the License Agreement with K. Patel and V. Patel, as joint tenants, for the operation of a 111-room guest lodging facility." (Compl. ¶ 7.) Second, it alleges that the defendants breached the contract

because they terminated the agreement when they ceased operating as a Howard Johnson facility. (Compl. ¶¶ 28-29, 36-37.) Howard Johnson has also alleged damages relating to these claims totaling $151,169.64 because defendants have failed to pay the recurring fees and liquidated damages owed under the agreement.

### *Attorneys' Fees*

Under section 17.4 of the license agreement, the prevailing party in an action to enforce the agreement is entitled to recover "all costs and expenses, including reasonable attorneys' fees" from the non-prevailing party. Attorneys' fees clauses are enforceable in New Jersey. Howard Johnson Intern., Inc. v. Vraj Brig, LLC, No. 08-1466, 2010 WL 215381, at * 4 (D.N.J. Jan. 14, 2010). Howard Johnson has submitted supporting documentation; its request for attorneys' fees will be granted.

### *Propriety of Entry of Default Judgment*

Howard Johnson has properly served the defendants with process, the Clerk of the Court has entered default against them, and plaintiff has established legitimate a cause of action for breach of contract. The Court now determines whether default judgment is appropriate, by evaluating "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.

If a default judgment is not entered, Howard Johnson will continue to be harmed "because [it] will not be able to seek damages for [its] injuries due to defendant's continuing refusal to" participate in this case. See Newman v. Axiom Worldwide, No. 06-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts owed on the Recurring fees and the liquidated damages are subject to interest. The defendant will owe Howard Johnson more

**NOT FOR PUBLICATION**

money the longer it does not receive payment, causing additional harm. See Cathay Bank v. Green Natural Food Inc., No. 09-5200, 2010 WL 1541509, at *2 (D.N.J. Apr. 10, 2010).

Defendants have not filed anything with the Court. Defendants have offered no defense, and the facts asserted in the complaint do not contain any information that could provide the basis for a meritorious defense. The Court assumes that the defendants have no litigable defenses available. Rose Containerline, Inc. v. Omega Shipping Co., No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (citing Carpenters Health & Welfare Fund of Phila. v. NDK Gen. Contractors, Inc., No. 06–3283, 2007 WL 1018227, at *5 (E.D. Pa. Mar. 27, 2009)).

Culpable conduct "is conduct that is taken wilfully or in bad faith." Hill v. Williamsport Police Dept., 69 F. App'x 49, 52 (3d Cir. 2003) (quotations omitted). "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (citation omitted). Here, the Patels have disregarded all communications from Howard Johnson. Nor does the record suggest any good faith justification for defendants' failure to respond. There is no evidence before the Court "that defendants' failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and willful negligence." Platypus Wear, Inc. v. Bad Boy Club, Inc., No. 08-2662, 2009 WL 2147843, at *5 (D.N.J. July 15, 2009). The Court presumes that they acted culpably because they have "failed to answer, move, or otherwise respond." Stonebridge Bank v. Nita Props., LLC, No. 09-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011); Slover v. Live Universe, Inc., No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009).

**Damages**

Howard Johnson requests a default judgment in the amount of $156,808.55. This amount

**NOT FOR PUBLICATION**

is comprised of (1) $47,953.75 for recurring fees owed under the agreement, (2) $103,215.89 for liquidated damages, and (3) $5,638.91 for attorneys' fees and costs.

## CONCLUSION

It is, on this 31st day of May,

**ORDERED** that plaintiff's motion for default judgment is granted in the amount of $156,808.55.

**s/ William H. Walls**
United States Senior District Judge
